PEOPLE *v.* PAREMBA.

1. CRIMINAL LAW—KEEPING HOUSE OF PROSTITUTION—FAILURE TO REQUEST INSTRUCTIONS.

In a prosecution of two defendants accused of keeping a house of prostitution, in which the offense charged and the testimony were the same as to each, and neither took the witness stand or offered any testimony, in the absence of a request therefor, failure of the trial court to instruct the jury that they might convict one defendant and acquit the other was not reversible error.

2. SAME—INSTRUCTIONS TO JURY.

In said prosecution, where neither defendant testified nor offered any testimony, an instruction that the jury might disregard any part of testimony of a witness who deliberately testified falsely upon a material fact was not prejudicial, although not particularly applicable to the facts of the case.

3. SAME—EVIDENCE—SUFFICIENCY.

In said prosecution evidence *held*, sufficient to sustain conviction of the appellant of the offense charged.

Error to Wayne; Webster (Clyde I.), J.    Submitted June 16, 1927.    (Docket No. 103.)    Decided October 3, 1927.    Rehearing denied December 1, 1927.

Joseph Paremba was convicted of keeping a house of prostitution, and sentenced to imprisonment for not less than six months nor more than five years in the State prison at Jackson.    Affirmed.

*Bessie M. McDonald* (*Floyd M. Phinney*, of counsel), for appellant.

*William W. Potter*, Attorney General, *Robert M. Toms*, Prosecuting Attorney, and *Ben. H. Cole*, Assistant Prosecuting Attorney, for the people.

[1]Criminal Law, 16 C. J. § 2498; 17 C. J. § 3706; Disorderly Houses, 18 C. J. §§ 109, 117; [2]Criminal Law, 17 C. J. § 3690; Disorderly Houses, 18 C. J. § 117; [3]Id., 18 C. J. §§ 103, 104.

SHARPE, C. J. The defendant and a woman named Isabelle Jamieson were jointly charged with keeping a house of prostitution in the city of Wyandotte, in Wayne county, on July 26, 1926. They were tried together, and both convicted and sentenced. He reviews by writ of error.

1. Error is assigned upon the following instruction:

"There is but one issue in the case; whether or not these respondents kept a house of ill fame, resorted to for the purpose of prostitution or lewdness. That is the only issue in the case. If, from the testimony, you are satisfied, beyond a reasonable doubt, that they did keep such a house, at the time charged in the information, it is your duty to convict, and your verdict should be 'guilty.' If you are not so satisfied, it is your duty to acquit, and your verdict should be 'not guilty.'"

It is insisted that the jury should have been instructed that they might convict one defendant and acquit the other. No request was preferred.

The undisputed testimony shows that at least one of the occupants of the house, who was sworn as a witness, was engaged by the defendant to ply her trade therein under an arrangement with him by which the charge was fixed, one-half of which was to be paid to the woman, and that both of them were engaged in the conduct of this nefarious business. This assignment is disposed of by what was said in *People* v. *Shorr*, 227 Mich. 243, 250:

"The offense charged and testimony were the same as to each of the defendants. * * * Neither took the stand or offered any testimony. The record shows no suggestion by their counsel to court or jury that any distinction could be made. * * * Under the testimony and circumstances of this case we do not find this reversible error."

2. Error is assigned upon the following excerpt from the charge:

"There is a proposition of law in reference to testifying falsely, which, perhaps, I should give you, and that is this, that if any witness testifies falsely in this matter upon a material fact, deliberately testifies falsely, you have a right to disregard all or any part of that witness' testimony, provided it is not corroborated by any other competent testimony."

While of no particular application to the facts disclosed in the record, it is clear that this instruction was not prejudicial to the appellant.

3. It is urged that the testimony was not sufficient to warrant the verdict as to this defendant. We have read it, and are of the opinion that it amply justified the verdict rendered.

The judgment is affirmed.

BIRD, SNOW, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred.

WIEST, J. (*concurring*). Limiting review to errors assigned and urged, I concur in the opinion of the Chief Justice.