PEOPLE *v.* JOHNS.

1. INDICTMENT AND INFORMATION—SEPARATE OFFENSES CHARGED IN SAME INFORMATION.

Separate and distinct offenses springing out of substantially the same transaction may be charged as separate counts in an information in order that 1 or more of the counts may be found upon trial to meet the evidence, since the object of so doing is calculated to promote justice and cannot confuse or prejudice the defense of the accused.

2. SAME—ELECTION BETWEEN COUNTS.

Election between counts cannot be required on the ground that distinct offenses are charged, where they are committed by the same acts at the same time and the same testimony must be relied on for conviction.

REFERENCES FOR POINTS IN HEADNOTES

[1, 6, 7, 10]  27 Am Jur, Indictments and Informations § 124 *et seq.*
[2, 5]  27 Am Jur, Indictments and Informations § 133.
[4]  24 Am Jur, Gaming and Prize Contests §§ 13, 50.

3. GAMING—EVIDENCE.

Evidence adduced in prosecution under information containing 6 counts relative to gambling and keeping gaming rooms *held*, sufficient to justify the verdict of guilty as to defendant on each count (CL 1948, §§ 750.302, 750.303).

4. SAME—DURATION OF ACTIVITY—EVIDENCE.

Testimony that gambling was permitted and suffered on the premises for an hour and a half fulfills the requirement of the statute as to keeping and occupying a place where gaming is permitted and suffered (CL 1948, §§ 750.302, 750.303).

5. SAME—ELECTION BETWEEN COUNTS—EVIDENCE.

Defendant in prosecution for keeping premises on which gambling was permitted was not prejudiced by failure of trial court to require prosecution to make an election between the 6 counts in the information, where substantially the same proofs were offered in reference to each count and all of the acts occurred within a period of an hour and a half and out of substantially the same transaction (CL 1948, §§ 750.302, 750.303).

6. INDICTMENT AND INFORMATION—JOINDER OF COUNTS—SEPARATE OFFENSES—EQUAL PUNISHMENTS.

Joinder of 6 counts in an information in prosecution for keeping premises on which gambling was permitted was not improper in that the punishment provided for the acts charged in the first 3 counts differed from that provided for the acts charged in the last 3 counts, as statute permitting joinder of counts does not require that offenses charged in the separate counts be subject to equal punishment (CL 1948, §§ 750.302, 750.303, 767.75).

7. SAME—OFFENSES OF VARYING GRAVITY.

Counts may be set forth in the same information even though they charge offenses of varying gravity, where the purpose of so doing is legitimate and justified.

8. CRIMINAL LAW—SENTENCE—TRIAL—EVIDENCE.

The fact that the sentence provided for an offense is normally related in period of time to the significance of the crime and in large degree is indicative of the extent of the injury to the public has no bearing upon the conduct of the trial or the proofs showing the guilt or innocence of the accused as the provisions of a statute pertaining to sentence become effective only after conviction is had.

9. SAME—SENTENCE—TRIAL.
 The extent of the sentence for a crime as established by the statute should in no way affect the application of rules for the conduct of the trial.

10. SAME—JOINDER OF SEVERAL COUNTS—CONCURRENT SENTENCES.
 Joinder of 6 counts in an information in prosecution for keeping a gambling place did not result in substantial loss to defendant because of differing sentences provided by statute, where sentences were ordered to run concurrently (CL 1948, §§ 750.-302, 750.303).

11. SAME—REMARKS OF PROSECUTOR—DEFENDANT'S FAILURE TO TESTIFY—GAMING.
 Comment of prosecuting attorney in prosecution of appellant and 2 others for keeping a gambling place that any gamblers defendant would identify would be prosecuted, made in response to defense counsel's statement that not all gamblers in the community were being prosecuted, *held*, not to have referred to defendant's decision not to testify (CL 1948, §§ 750.302, 750.-303).

12. SAME—REMARKS OF PROSECUTOR—GAMING—OPENING STATEMENT.
 Prosecutor's reference to club where defendant was conducting illegal gambling operations as a "phony" corporation did not constitute reversible error, where defendant's counsel, in his opening statement, had said that gamblers in large numbers were members of the club (CL 1948, §§ 750.302, 750.303).

13. SAME—GAMING—EVIDENCE—RESPONSIVE ANSWERS.
 Answer of liquor control commission's investigator, called as a witness in prosecution for keeping a gambling place, in response to question as to why he did not remember anyone else if he counted the people when he went in, that he had been sent there to investigate a complaint of gambling and liquor being sold on the premises *held*, responsive and not prejudicial in view of defendant's known employment (CL 1948, §§ 750.302, 750.303).

14. GAMING—INSTRUCTIONS—OPENING STATEMENT.
 The trial judge's failure to give a technically and completely accurate definition of gambling in prosecution for keeping a place for gambling was not prejudicial to defendant, where existence of gambling was admitted by defendant's counsel in his opening statement (CL 1948, §§ 750.302, 750.303).

15. CRIMINAL LAW—INSTRUCTIONS—TRUTHFULNESS OF WITNESS.

Trial judge's instruction that if the jury believed that a witness had not "told the truth in a material matter" in the criminal prosecution that the jury might disregard that part or disregard it in its entirety except as it might be corroborated by such testimony as the jury does believe *held*, not reversible error, since not telling the truth under such circumstances implied an intention to deliberately misstate the facts.

16. WORDS AND PHRASES—TRUTH—INSTRUCTIONS.

Truth is defined as veracity; sincerity in character, action and speech; genuineness in expressing feeling of belief and "not telling the truth" implied an intention to deliberately misstate facts, as such term is used in instruction to jury that if it believed a witness was not telling the truth as to a material fact that the testimony of such witness might be disregarded in whole or in part except as corroborated by testimony which jury did believe.

17. CRIMINAL LAW—EVIDENCE—INSTRUCTION—NEW TRIAL.

Defendant in prosecution for keeping a place for gambling *held*, not to have been deprived of any legal right by the erroneous admission of evidence, claimed erroneous charge to jury or denial of motion for new trial (CL 1948, §§ 750.-302, 750.303).

Appeal from Ingham; Hayden (Charles H.), J. Submitted January 15, 1953. (Docket No. 88, Calendar No. 44,873.) Decided June 8, 1953.

Ike Johns was convicted of maintaining gaming-room table, et cetera, and keeping place where gambling was permitted. Affirmed.

*John Wendell Bird,* for defendant.

*Frank G. Millard,* Attorney General, *Paul C. Younger,* Prosecuting Attorney, and *Frederick C. Newman, Jr.,* Assistant Prosecuting Attorney, for the people.

ADAMS, J. Defendant and appellant, Ike Johns, together with 2 other defendants, was charged with violating the provisions of CL 1948, §§ 750.302 and 750.303 (Stat Ann §§ 28.534 and 28.535). The information in the case contains 6 counts, 3 alleging violations of the provisions of section 750.303 and the remaining 3 alleging violations under the provisions of section 750.302.

The first 3 counts allege that the defendant kept and maintained a gaming room, gaming table and game of chance used for gambling on certain premises; that he suffered a gaming room, gaming table and game of chance to be kept and maintained on premises occupied and controlled by him; and that he aided, assisted and abetted in the keeping and maintaining of a gaming room, gaming table and a game of chance on certain premises, all for hire, gain and reward. The remaining 3 counts allege that the defendant kept, occupied and assisted in keeping and occupying a place where gambling was permitted; that he suffered and permitted certain apparatus used for gaming and gambling on premises occupied and controlled by him; and that he used certain apparatus for gambling and gaming on certain premises.

Upon arraignment in the circuit court, defendant moved to dismiss the information on the ground that there was a misjoinder of the offenses set forth therein. The motion was denied and the 3 defendants were tried jointly by a jury. Defendant Ike Johns was found guilty on all 6 counts and sentenced to a term of 18 months to 2 years in the State prison on each of the first 3 counts, and from 9 months to 1 year on each of the last 3 counts, the 6 sentences to run concurrently. Defendant then moved for a new trial which was denied, and from the denial of that motion and the conviction and sentence, he takes this appeal.

Defendant's principal assignment of error has to do with the joinder of counts in the information. It is his contention that the trial court was in error in refusing to dismiss the information or, in the alternative, to compel the prosecutor to elect between the various counts on the ground that there was a misjoinder. He argues that the first 3 counts of the information charge substantially different crimes from those charged in the last 3 counts, that different proofs are required, and that the punishment provided is materially different.

It is an accepted rule in this State that separate and distinct offenses may be charged as separate counts in an information in order that 1 or more of the counts may be found upon trial to meet the evidence.

" 'The true and only just rule as regards the joinder of counts in an information or indictment seems to be, if the different counts are drawn and used with a view to one and the same transaction, so that one of them, upon the trial, may be found to meet the evidence, the court will not interfere with the proceeding, as such an object is a legitimate one. It is a proceeding calculated to promote justice, and cannot confuse or prejudice the defense of the accused.' " *People* v. *Aikin,* 66 Mich 460, 470 (11 Am St Rep 512), as quoted with approval in *People* v. *Larco,* 331 Mich 420, 428.

But in so joining counts, the defendant must not be denied any substantial rights nor prejudiced in his defense.

" 'As a general rule, in cases of felony, when it clearly appears, from the indictment or otherwise, that several entirely distinct felonies are intended to be charged and proved, the court will, in its discretion, either quash or compel the prosecutor to elect: And the same course is sometimes taken in misdemeanors where several offenses in no way

connected are charged. But there is nothing technical in the rule; and in the exercise of this discretion the court will not be governed simply by the question whether several different offenses in point of law are charged and intended to be proved; but mainly, as a general rule, by the consideration whether the trial of these several offenses would involve the proof of substantially different transactions, and thereby tend to confuse the defendant in his defense, or deprive him of any substantial right. And therefore where the several offenses charged, though distinct in point of law, yet spring out of substantially the same transaction, or are so connected in their facts as to make substantially parts of the same transaction, or connected series of facts, the defendant can not be prejudiced in his defense by the joinder, and the court will neither quash nor compel an election. Such would seem to be the principle of the general rule to be deduced from the cases.' " *People* v. *McKinney,* 10 Mich 54, 95, as quoted with approval in *People* v. *Larco, supra.*

It is to be noted that this Court has emphasized that the offenses charged in the several counts must arise out of substantially the same acts committed at the same time.

" 'Election between counts cannot be required on the ground that distinct offenses are charged where they are committed by the same acts at the same time and the same testimony must be relied on for conviction.' " Syllabus in *People* v. *Sweeney,* 55 Mich 586, as quoted with approval in *People* v. *Larco, supra.*

In this case, a witness for the people testified that the defendant, Ike Johns, met him at the entrance to a building in the city of Lansing on the evening of February 24, 1950; that Johns personally admitted the witness into a room where gambling was taking place and where gambling equipment was in use;

that during the hour and a half while the complaining witness remained in the building, no persons were admitted except by the defendant, Ike Johns; that several incidents occurred from which a reasonable inference could be drawn that Johns was in charge of the gambling activities; that at least one other person was occupied in operating gambling devices; that a substantial number of persons were present and engaged in gambling; and that a portion of the money being gambled was taken by those in charge of the operations in payment for the use of the premises and equipment. It is apparent that sufficient evidence was produced to satisfy all the essential elements of each of the offenses charged in the several counts of the information which, if believed by the jury, justified a verdict of guilty on each count.

All the testimony in reference to the happenings on February 24th covered a period of an hour and a half. Defendant, however, argues that keeping and occupying a place where gaming is permitted and suffered must be proven by a series of acts extending over a considerable period of time, and therefore requires different proofs than the other crimes charged. We do not believe that any specific time limit is contemplated by the statute. Testimony that gambling was permitted and suffered on the premises for an hour and a half fulfills the requirement of the statute.

While it is entirely possible that different proofs could be offered under each of the several counts, the fact remains that in the present instance substantially the same proofs were offered in reference to each count. The acts committed, proof of which was essential to a conviction on each of the counts, occurred within a period of an hour and a half and out of substantially the same transaction.

Defendant further contends that the joining of the 6 counts was improper because punishment for those acts charged in the first 3 counts differed from those in the last 3. Conceding that the punishment provided by the statute does vary, there is no merit in the contention.

In *People* v. *Rabin,* 317 Mich 654, the propriety of joining 4 counts in an information charging different forms of the offense of arson was questioned. One of the counts charged the defendant with having violated the provisions of CL 1948, § 750.72 (Stat Ann § 28.267), another with violation of the provisions of CL 1948, § 750.73 (Stat Ann § 28.268). The punishment prescribed in the statute, however, is far more severe for a violation of the first section cited than for the second. Although the precise question herein involved was not discussed, it was held that the 4 counts were properly joined.

CL 1948, § 767.75 (Stat Ann § 28.1015), grants authority to the trial court to order offenses charged in an information separated into counts, but the statute does not suggest or require that the offenses charged in the separate counts be subject to equal punishment.

It is the settled practice in this State to set forth counts in the same information charging offenses of varying gravity where the purpose is legitimate and justified. The extent of the sentence provided for an offense is normally related in period of time to the significance of the crime and in large degree is indicative of the extent of the injury to the public peace. Such punishment, however, is in no way related to the conduct of the trial or the proofs showing the guilt or innocence of the accused. The provisions relating to sentence become effective only, after conviction is had. It seems clear, therefore, that the extent of the sentence as established by the

statute should in no way affect the application of rules for the conduct of the trial.

If, on the other hand, it is contended that misjoinder may be found to exist after differing sentences are imposed upon conviction under more than 1 count, then a finding of misjoinder would have to await the conclusion of the case. Such a delayed method of testing would not be a reasonable application of the rule on joinder.

Although the defendant was sentenced to imprisonment for differing periods, the sentences ran concurrently. In actual fact it was but a single sentence for a period of 2 years and defendant lost no substantial rights by virtue of the fact that the record shows the serving of more than 1 sentence during the same period. *People* v. *Podsiad,* 295 Mich 541. The punishment imposed was in no way increased by the multiplicity of sentences. We conclude, therefore, that there was no error in joining the 6 counts in the information.

Defendant further claims that error occurred through certain prejudicial remarks made by the prosecutor in the presence of the jury. Defendant did not take the stand in his own behalf and it is his contention that the prosecutor improperly commented upon such failure* when he said that he was ready to prosecute any gamblers that the defendant was willing to identify. The comment was made in answer to a charge by counsel for the defendant that all gamblers in the community were not being prosecuted. It is difficult to discern any relationship between the prosecutor's comment and the failure of the defendant to testify in his own behalf. While the prosecutor's remarks contributed nothing to the trial and might well have been left unsaid, they can-

* See Const 1908, art 2, § 16.—Reporter.

not be interpreted as referring to defendant's decision not to testify.

Defendant complains, too, that the prosecutor made a prejudicial remark when he called the Syrian-American Club a "phony" corporation. Testimony in the trial indicated that the place where the gambling was alleged to have taken place was owned by the Syrian-American Club.

In his opening statement to the jury, counsel for the defendant said:

"But unfortunately we have a membership that is composed in large numbers of gamblers, of men who go up and play dice and play poker. Now, I am not here to defend the Syrian-American Club."

Having thus characterized the club, defendant was in no position to later take offense at an uncomplimentary remark by the prosecutor directed towards the same club.

Defendant also claims error in the court's refusal to sustain an objection to an answer which he claims was prejudicial and not responsive to the question. The principal witness for the people was an investigator for the Michigan liquor control commission, and so identified to the jury. While testifying as to what he observed while in the defendant's place, the following question was put to him by defendant's attorney:

"Q. Well, now, why don't you remember anyone else if you counted them when you went in?

"A. I was up there investigating a complaint of gambling and liquor being sold on the premises."

Having in mind defendant's known employment and his duties, his answer was responsive and it is not reasonable to believe that it had a prejudicial effect on the jury.

Defendant also alleges error in the court's charge to the jury and in particular says that he failed to properly define gambling when he said:

"Let me say here that 'gambling' may be and is applied, in common speech, to play with stakes at cards, dice, or any other contrivance, to see which shall be the winner and which is the loser."

While the definition as given by the judge may not be technically and completely accurate, nevertheless defendant was in no way prejudiced because his attorney had already said in his opening statement to the jury that the existence of gambling on the premises was conceded. The existence of gambling not being an issue at the trial, an exact definition of those things which constitute gambling was of no consequence.

Defendant further contends that the judge, in instructing the jury erred in not submitting the proper rule for the consideration of false testimony. The record quotes the judge as saying:

"If you believe that anyone has not told the truth in a material matter in this case, you can disregard that part of the testimony, or disregard it in its entirety except as it might be corroborated by such testimony as you do believe."

In *People* v. *Paremba,* 240 Mich 489, this Court said that the following was a proper instruction to a jury:

"If any witness testifies falsely in this matter upon a material fact, deliberately testifies falsely, you have a right to disregard all or any part of that witness' testimony, provided it is not corroborated by any other competent testimony."

It does not follow, however, that other instructions similar in substance might not be equally proper.

The word "truth" appearing in the court's instructions is defined in Webster's New International Dictionary (2d ed), as "veracity; sincerity in character, action and speech; genuineness in expressing feeling or belief." "Not telling the truth" implies the absence of those characteristics stated in the definition; that is, an intention to deliberately misstate facts. It is reasonable to assume that the jury so understood the judge's instructions and defendant was in no way prejudiced in his rights by a minor variation from an approved rule.

Other errors are claimed in the admission of testimony and in the court's charge to the jury and have been considered. From a full examination of the record we are of the opinion that the trial judge made every effort to afford the defendant a fair trial, that the rules of evidence were fairly applied and that defendant was not deprived of any legal right.

The denial of a motion for a new trial was proper. The judgment is affirmed.

BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred with ADAMS, J.

DETHMERS, C. J., and CARR, J., concurred in the result.