PEOPLE v BURTON

1. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO
   PRODUCE—INSTRUCTIONS TO JURY.

   A defendant is entitled to either have a res gestae witness
   produced or an explanation why the witness was not produced;
   an instruction to the jury stating the obligation of the prosecu-
   tion to produce a res gestae witness and the presumption that
   the witness' testimony would be adverse to the prosecution
   where the witness is not produced is not an equivalent substi-
   tute for either production of the witness or an explanation for
   nonproduction.

2. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO
   PRODUCE—CASE PRECEDENT—PROCEDURAL REQUIREMENTS.

   The procedural requirements which must be followed before a
   defendant may have a conviction reversed or a new trial
   granted because of a prosecutorial failure to produce a res
   gestae witness are: (1) the defendant must file a motion for a
   new trial, (2) a hearing is to be held where the prosecution may
   either produce the witness or explain why the witness cannot
   be produced and why he could not be produced at trial, (3) an
   examination of the witness, if produced, must be held to deter-
   mine his testimony regarding the charged offense, and (4)
   findings must be made by the trial court with reasons therefor.

3. WITNESSES—CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO
   PRODUCE—HEARINGS—FINDINGS OF FACT—APPEAL AND ERROR.

   A defendant need not move the trial court for a new trial before
   seeking a reversal of his conviction, based on the prosecutor's
   failure to produce a res gestae witness, where the lower court
   judge had already conducted the equivalent of the required

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 29 Am Jur 2d, Evidence § 180.
    75 Am Jur 2d, Trial § 771.
    Presumption or inference from party's failure to produce witnesses
        within his control, as affected by his introduction of some evi-
        dence on the matter in question. 135 ALR 1375.
[2–4] 5 Am Jur 2d, Appeal and Error § 810 *et seq.*
[3–4] 58 Am Jur 2d, New Trial § 41, 187 *et seq.*

hearing at which the prosecutor was required to produce the missing res gestae witness or explain why the witness could not be produced and where the circuit judge had made the required findings.

4. APPEAL AND ERROR—CRIMINAL LAW—CIRCUIT JUDGE—APPELLATE CAPACITY—WITNESSES—RES GESTAE WITNESSES—FAILURE TO PRODUCE.

  A circuit court judge acting in an appellate capacity may not dismiss a defendant's case because of the prosecutor's failure to produce a res gestae witness without providing an explanation why the witness was not produced; under these circumstances, the circuit court is limited to reversing a defendant's conviction . and remanding for a new trial.

Appeal from Genesee, Thomas C. Yeotis, J. Submitted May 4, 1976, at Lansing. (Docket No. 25010.) Decided August 26, 1976.

Lawrence D. Burton was convicted in district court of impaired driving. Defendant appealed to circuit court by leave granted. Charges dismissed in circuit court. The prosecution appeals by leave granted. Affirmed in part and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney and *Donald A. Kuebler,* Assistant Prosecuting Attorney, for the people.

*Duncan MacDonald,* for defendant.

Before: QUINN, P. J., and D. E. HOLBROOK and BEASLEY, JJ.

PER CURIAM. In this case, the circuit court acted as an appellate tribunal, hearing an appeal on leave granted from a district court conviction of the lesser included offense of impaired driving.

The record indicates timely objection by the defendant to the failure of the prosecutor to pro-

duce or to make adequate excuse for failure to produce a res gestae witness.

Apparently all, *i.e.,* circuit judge, district judge, defense counsel and prosecutor, agree the missing witness was a res gestae witness.

In the trial court, at the conclusion of the people's proofs, defendant moved to dismiss on the ground that the res gestae witness was neither produced nor any effort made to explain her absence. The district judge denied the motion to dismiss and attempted to solve the problem by a subsequent instruction to the jury that the prosecutor was obliged to produce her, had not done so and that, therefore, it must be presumed her testimony was adverse to the prosecution.

When objection is timely made, that is not good enough. The defense was entitled to the witness or an explanation why she was not produced. An instruction that the testimony would be adverse is not an equivalent substitute. On this record, the trial judge erred in denying defendant's motion; he could have granted the motion to dismiss or he could have given the prosecution opportunity to produce this missing res gestae witness.

Upon appeal the circuit judge found that the prosecutor's failure to produce or explain was, in the face of defendant's timely objection and on the record in this case, fatal to the prosecution's case, and dismissed the charge. He distinguished his ruling from *Robinson* where no objection was made at trial. *People v Robinson,* 390 Mich 629; 213 NW2d 106 (1973).

The prospective portion of the *Robinson* ruling *(i.e.,* appeals filed after January 28, 1974, as here), requires a defendant to file a motion for new trial where there is a failure to produce a res gestae witness (whether indorsed or unindorsed), a hear-

ing where the prosecution may either produce the witness or explain why he cannot be produced and why he could not be produced at trial, and if produced, examination to determine his testimony regarding the charged offense, and last, findings by the trial court with reasons therefor.

It would appear to this Court that the purpose of the *Robinson* procedure is to avoid "useless retrials". Recognizing that there are situations where there may be technical or minimal violations of the rule that requires the prosecutor to produce all res gestae witnesses which do not, in the interest of justice, require retrials, the Supreme Court has devised a procedure to obviate such result. In *Robinson* the prosecutor apparently produced, or accounted for, all but one of approximately three dozen res gestae witnesses. Rather than a retrial, the Supreme Court required a record regarding the missing or unaccounted-for witness, as a preliminary to deciding whether or not to require a retrial.

In the within case, the district judge has already conducted the equivalent of a *Robinson* hearing and the circuit judge has made what constitutes *Robinson* findings. Thus, it was not error to hold that in this case defendant need not move the trial court for a new trial.

There was no error in the finding that she was a res gestae witness and that the prosecutor neither produced her nor explained her absence.

Therefore, in setting aside the jury conviction, the circuit judge is affirmed.

The only remaining issue is whether, in his appellate capacity, the circuit judge could, under those circumstances, reverse and dismiss without a new trial or whether he was limited to reversing and remanding for a new trial. On this record,

where the jury found the defendant guilty, defendant is only entitled to a new trial on the merits, not a dismissal of the case. The prosecution is entitled to an opportunity to produce the missing res gestae witness.

Affirmed in part and remanded for new trial.