PEOPLE v BAKER

Docket No. 82923. Submitted May 8, 1986, at Lansing. Decided
December 8, 1986.

Thomas R. Baker was convicted of first-degree criminal sexual
conduct, Bay Circuit Court, Eugene C. Penzien, J. Defendant
appealed.

The Court of Appeals *held:*

1. The victim was a mentally impaired person and the charge
was that sexual penetration of a victim whom the defendant
knew or had reason to know was mentally incapable caused
personal injury. The trial court correctly instructed the jury to
apply the reasonable man test in determining whether defen-
dant knew or had reason to know of the victim's mental
incapacity.

2. The trial court's decision to exclude from evidence a letter
written by the defendant to the victim after the crime was not
an abuse of discretion as its probative value was negligible.

3. The trial court did not err in briefly examining a witness.

4. Defendant's sentence of from ten to thirty years in prison
did not shock the judicial conscience.

Affirmed.

1. RAPE — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — REASONABLE
MAN TEST.

A person is guilty of first-degree criminal sexual conduct where
he engages in sexual penetration with another which causes
personal injury to the victim and he knows or has reason to
know that the victim is mentally incapable, mentally incapaci-
tated, or physically helpless; the Legislature intended that the
reasonable man test apply in determining whether the defen-

REFERENCES

Am Jur 2d, Appeal and Error §§ 553, 557, 881.

Am Jur 2d, Rape § 37.

Am Jur 2d, Trial § 87 *et seq.*

Rape or similar offense based on intercourse with woman who is
allegedly mentally deficient. 31 ALR3d 1227.

See also the annotations in the Index to Annotations under Appeal
and Error; Trial.

dant knew or had reason to know of the victim's incapacity (MCL 750.520b[1][g]; MSA 28.788[2][1][g]).

2. EVIDENCE — ADMISSIBILITY — APPEAL.

The admissibility of evidence is a question that rests within the sound discretion of the trial court, whose decision to exclude evidence should not be overturned absent a clear abuse of discretion.

3. CRIMINAL LAW — PROSECUTORIAL COMMENT — APPEAL — PRESERVING QUESTION.

The absence of an objection during trial precludes appellate review of alleged prejudicial remarks by a prosecutor during closing argument, unless the prejudicial effect was so great that it could not have been cured by timely cautionary instruction.

4. TRIAL — JUDICIAL QUESTIONING.

A trial judge may properly participate in the questioning of witnesses to produce fuller and more exact testimony, to clarify points and to elicit additional facts.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

*Allsopp, Fitzgerald & Kolka* (by *Mark A. Kolka),* for defendant.

Before: CYNAR, P.J., and R. B. BURNS and F. X. O'BRIEN,* JJ.

PER CURIAM. Defendant was sentenced to from ten to thirty years in prison following his conviction by a jury of first-degree criminal sexual conduct. MCL 750.520b(1)(g); MSA 28.788(2)(1)(g). Defendant appeals. We affirm.

Defendant met the victim, a thirty-four-year-old mentally impaired woman, in a Bay City record store. He invited her to join him for coffee. She accepted the invitation. The couple then went to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the home of the defendant's grandmother where the defendant resided. They engaged in sexual intercourse in the defendant's bedroom. The victim stated that the act was against her will. The defendant stated that their intercourse was consensual.

The defendant contends that the trial court erred by instructing the jury that it was to apply a reasonable person standard in determining whether the defendant knew or had reason to know the victim was mentally incapable. Defendant argues that the statute requires the jury to analyze his subjective perception and evaluation of the victim's mental incapacity.

A person is criminally responsible under MCL 750.520b(1)(g); MSA 28.788(2)(1)(g) if he engages in sexual penetration with another which causes personal injury to the victim and he "knows or has reason to know" that the victim is mentally incapable, mentally incapacitated, or physically helpless. In *People v Davis,* 102 Mich App 403, 407; 301 NW2d 871 (1980), another panel of this Court interpreted the statute as requiring a reasonable person standard:

> We are convinced that the Legislature only intended to eliminate liability where the mental defect is not apparent to reasonable persons.

We find no reason to disagree with that interpretation. Cf. *People v Cash,* 419 Mich 230, 241; 351 NW2d 822 (1984).

Defendant argues that the trial court erred by refusing to admit into evidence an incomplete letter which he wrote to the victim following their intercourse. The letter was offered to show the defendant's state of mind at the time of the

events.[1] MRE 803(3). Defendant contends that state of mind is an element of the offense and that the letter reflects his understanding of the victim's mental capacity. Defendant took the position that he knew the victim was slow but did not think she was mentally incapable.

The trial court concluded that, whatever relevance the letter might have, its probative value was minimal and was substantially outweighed by delay and confusion resulting from the diverse content of the letter itself. MRE 403. We will not reverse a trial court's decision to exclude evidence unless that decision was an abuse of discretion. *People v Solak,* 146 Mich App 659, 673; 382 NW2d 495 (1982). The trial court did not abuse its discretion in this instance.

The letter is a seven-page discourse on defendant's travels, education, employment opportunities, literary efforts, self-perception, defense of and affection for the victim. It contains an acknowledgment that the victim is a poor reader, a fact to which the defendant testified. The majority of the letter is totally irrelevant. The letter's single and cumulative reference to the victim's reading inability has negligible probative value since the material issue was not the defendant's subjective perception of the victim's mental capacity but whether the victim's incapacity was apparent to a reasonable person. *Davis, supra.*

Defendant argues that the prosecuting attorney conducted an improper closing argument. Defendant placed no objection on the record to any part of the prosecutor's closing. Ordinarily, the absence of an objection precludes appellate review unless

---

[1] On appeal defendant advances two additional arguments for admitting the letter: a present sense impression and a prior consistent statement. These grounds were not advanced in the trial court and may not be asserted for the first time on appeal.

the prejudicial effect was so great it could not have been cured by a timely cautionary instruction. *Solak, supra,* p 677. In this case defense counsel not only failed to object but waived the opportunity for a cautionary instruction. Appellate review is precluded.

Defendant contends that the trial court assumed the prosecutorial function in questioning Dr. Shinedling. A trial judge may ask questions of a witness designed to clarify points and elicit additional facts provided the questions are not partial, prejudicial or argumentative. *People v Smith,* 64 Mich App 263, 266-267; 235 NW2d 754 (1975). We believe that the trial court's brief examination of Dr. Shinedling was impartial and undertaken for the permitted purpose of producing fuller and more exact testimony. The trial judge did not assume the role of prosecutor.

Finally, defendant claims that the trial court abused its discretion in imposing a sentence of from ten to thirty years and that the sentence constitutes cruel and unusual punishment. Since the defendant presents no argument on his claim of cruel and unusual punishment, we restrict our consideration to the question of an abuse of discretion under *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). Defendant's sentence is well within the minimum sentence range of eight to fifteen years recommended by the sentencing guidelines. Considering the circumstances of this case, our judicial conscience is not shocked by the sentence.

Affirmed.