## PEOPLE v HOPSON

Docket No. 102640. Submitted May 11, 1989, at Detroit. Decided July 17, 1989.

Lafrench Hopson was convicted of second-degree murder following a bench trial in Recorder's Court of Detroit and was sentenced to fifty to eighty years imprisonment, Michael F. Sapala, J. Defendant appealed.

The Court of Appeals *held:*

1. Defendant's assertion that the evidence establishing his identity as the perpetrator was insufficient is without merit. Testimony at trial would permit a rational trier of fact to find beyond a reasonable doubt that the victim was stabbed by defendant.

2. Defendant's contention that the prosecutor had a burden to prove that defendant lacked provocation for the killing and that the trial court improperly shifted the burden of persuasion on this element to defendant is rejected. There is nothing in the trial court's factual findings to support defendant's assertion that the trial court shifted the burden of persuasion to defendant, and the evidence amply supports the trial court's finding that defendant had the requisite state of mind to support a second-degree murder conviction.

3. Defendant's contention that he was denied the effective assistance of counsel at trial because his attorney cross-examined only one prosecution witness is rejected. There is nothing in the record to indicate that defendant was deprived of a substantial defense.

4. Defendant is entitled to resentencing. The trial court articulated at sentencing that the sentence was designed to keep defendant in prison for life without parole. Such a sentence for second-degree murder is prohibited. Defendant's sentence is vacated and the matter is remanded for resentencing. On remand, the court must either sentence defendant to life in

REFERENCES

Am Jur 2d, Appeal and Error § 883; Criminal Law §§ 542, 984, 985; Homicide §§ 53, 56 *et seq.*

See the Index to Annotations under Appeal and Error; Homicide; Manslaughter; Sentence and Punishment.

prison or to an indeterminate term of years that somehow takes into account defendant's life expectancy so that there is a reasonable possibility that defendant can actually serve the sentence.

Defendant's conviction is affirmed, the sentence is vacated, and the matter is remanded for resentencing.

1. CRIMINAL LAW — APPEAL — EVIDENCE — SUFFICIENCY OF EVIDENCE.

The Court of Appeals when reviewing a challenge to the sufficiency of the evidence in a bench trial considers the evidence presented, viewed in a light most favorable to the prosecution, and determines whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt; the evidence is sufficient if the prosecution proves its own theory beyond a reasonable doubt in the face of whatever contradictory evidence the defendant may provide.

2. HOMICIDE — SECOND-DEGREE MURDER — MALICE.

The absence of provocation is not an actual element of the crime of second-degree murder which the prosecutor must prove beyond a reasonable doubt; the mental state or malice that the prosecutor must prove is the intent to kill, an intent to inflict great bodily harm, or the wanton and wilful disregard of the likelihood that the natural tendency of the defendant's behavior is to cause death or great bodily harm (MCL 750.317; MSA 28.549).

3. HOMICIDE — VOLUNTARY MANSLAUGHTER — HEAT OF PASSION.

A homicide may be reduced to voluntary manslaughter if the factfinder determines from an examination of all the circumstances surrounding the killing that malice was negated by adequate and reasonable provocation and the homicide was committed in the heat of passion; passion, in the context of voluntary manslaughter, describes a state of mind incapable of cool reflection.

4. CRIMINAL LAW — ASSISTANCE OF COUNSEL — FAILURE TO CALL WITNESSES.

A defendant is entitled to relief because of his counsel's failure to call a witness only where the failure deprives the defendant of a substantial defense.

5. CRIMINAL LAW — SENTENCING — RULES OF EVIDENCE.

The Michigan Rules of Evidence do not apply to sentencing proceedings (MRE 1101[b][3]).

6. CRIMINAL LAW — SENTENCING — INDETERMINATE SENTENCES.
  A sentence imposed for a term of years must be an indeterminate
    sentence less than life that is reasonably possible for a defen-
    dant to serve.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Mary Sue Czarnecki,* Assistant Prosecuting Attorney, for the people.

*John R. Minock,* for defendant on appeal.

Before: HOOD, P.J., and BEASLEY and SHEPHERD, JJ.

SHEPHERD, J. In this matter we are called upon to apply the recent holding of our Supreme Court that a trial judge may not impose a sentence of a long term of years in order to make certain that a defendant never becomes eligible for parole in those cases where the Legislature has provided for life with the possibility of parole as a sentencing option.

Following a bench trial, defendant was convicted of second-degree murder, MCL 750.317; MSA 28.549. Defendant was sentenced to fifty to eighty years imprisonment. He appeals as of right from his conviction and sentence. We affirm the conviction, but remand for resentencing pursuant to *People v Moore,* 432 Mich 311; 439 NW2d 684 (1989).

I

We first consider defendant's assertion that the evidence establishing his identity as the perpetrator was insufficient. When reviewing a challenge

to the sufficiency of the evidence in a bench trial, we consider the evidence presented, viewed in a light most favorable to the prosecution, and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985). The evidence is sufficient if the prosecution proves its own theory beyond a reasonable doubt in the face of whatever contradictory evidence the defendant may provide. *People v Daniels,* 163 Mich App 703, 707; 415 NW2d 282 (1987), lv den 430 Mich 854 (1988), and cases cited therein.

Viewed most favorably to the prosecution, the evidence here showed that the victim died of multiple stab wounds inflicted upon her in the vestibule of Kelly's Elbow Lounge in Detroit on February 27, 1987. Defendant's identity was established through testimony placing defendant with the victim at the times relevant to the stabbing. First, Learvis Harris testified that he saw defendant and the victim, Shirley Blythe, arguing in a bar across the street from Kelly's. Harris left at the victim's request that Harris go out and get her boyfriend.

Next, Reginald Parr testified that the victim asked him if he would walk her across the street to Kelly's. The victim requested that Parr accompany her because she did not want to meet defendant alone. As the two crossed the street, the victim saw defendant and ran. She tripped in front of Kelly's and began crying. Defendant seemed angry when he reached the victim. Defendant told the victim to get up and "let's go." Parr eventually left and went inside Kelly's, leaving defendant and the victim alone. About fifteen minutes later, he heard a commotion at the door and then saw someone helping the victim, who was bleeding, inside the lounge.

Robert Kelly, the owner of the lounge, also heard the commotion at the door. He went to see what was happening but could not get the door opened. He looked through a window and saw defendant in the vestibule. Defendant was striking at someone or something and "thrashing" with a downward motion. After defendant left, Kelly opened the door and saw the victim lying in the vestibule.

We conclude that this testimony would permit a rational trier of fact to find beyond a reasonable doubt that the victim was stabbed while in the vestibule of Kelly's Elbow Lounge by the defendant. Defendant's argument that the evidence, at best, established his mere presence is without merit. We find no error on this issue.

II

Defendant also contends that the prosecutor had a burden to prove that he lacked provocation for the killing and that the trial court improperly shifted the burden of persuasion on this element to defendant. We disagree.

The absence of provocation is not an actual element of the crime of second-degree murder that the prosecutor must prove beyond a reasonable doubt. See *People v Van Wyck,* 402 Mich 266; 262 NW2d 638 (1978); *People v Deason,* 148 Mich App 27, 33; 384 NW2d 72 (1985), lv den 428 Mich 869 (1987). The mental state or malice that the prosecutor must prove is the intent to kill, an intent to inflict great bodily harm, or the wanton and wilful disregard of the likelihood that the natural tendency of the defendant's behavior is to cause death or great bodily harm. *People v Aaron,* 409 Mich 672, 728; 299 NW2d 304 (1980), and see *People v Maghzal,* 170 Mich App 340, 344; 427 NW2d 552

(1988). However, a homicide may be reduced to voluntary manslaughter if the factfinder determines from an examination of all the circumstances surrounding the killing that malice was negated by adequate and reasonable provocation and the homicide was committed in the heat of passion. *People v Townes,* 391 Mich 578, 589; 218 NW2d 136 (1974). Passion, in the context of voluntary manslaughter, describes a state of mind incapable of cool reflection. *Id.,* n 3.

The trial court's factual findings in this case clearly reflect that the trial court placed the burden of persuasion on the prosecutor to prove that defendant had the requisite state of mind. The trial court specifically found that the prosecutor proved the requisite state of mind, specifically, the intent to do great bodily harm or the creation of a very high risk of death with knowledge that death or great bodily harm would be the probable result. The trial court then considered whether there were any circumstances that would justify mitigating the crime to manslaughter, but concluded that there were none. When viewed in context, there is nothing in the trial court's factual findings to support defendant's assertion that the trial court shifted the burden of persuasion to defendant. Therefore, we find no error.

We also reject defendant's further assertion that the evidence was insufficient to prove that he had the requisite state of mind. The trial evidence, at best, established that defendant and the victim had an argument prior to the stabbing incident and that defendant appeared to be angry with the victim. Viewed most favorably to the prosecution, a rational trier of fact could find that the stabbing was not an act done out of passion induced by adequate and reasonable provocation, but rather was a cold-blooded and deliberate act of murder. In

our view, the trial evidence amply supports the trial court's finding that defendant had the requisite state of mind to support a second-degree murder conviction.

III

Defendant, in pro per, raises one issue regarding his conviction. Defendant contends that he was denied the effective assistance of counsel at trial because his attorney cross-examined only one prosecution witness, Reginald Parr, and the "complaining witness" listed on the "felony warrant" did not testify. Defendant briefly expressed his dissatisfaction with his trial counsel to the trial court at the sentencing hearing, and the trial court responded that it was satisfied that defendant was afforded proper representation at trial.

Generally, a motion for new trial or for an evidentiary hearing is a prerequisite for appellate review unless the error is apparent from the face of the record so as to permit this Court to decide the issue. *People v Sharbnow,* 174 Mich App 94, 105-106; 435 NW2d 772 (1989); *People v Reinhardt,* 167 Mich App 584, 591; 423 NW2d 275 (1988), lv den 430 Mich 874 (1988). The burden is on defendant to overcome the presumption that he was afforded effective assistance. *Id.*

The ineffectiveness claim by defendant in this appeal, specifically, the decision to cross examine or call a witness to testify, is regarded as a matter of trial strategy. Defendant is entitled to relief only in those instances where his attorney's omission deprived defendant of a substantial defense. *Id.,* p 594; *People v Wilson,* 159 Mich App 345, 354; 406 NW2d 294 (1987). We have carefully considered defendant's claim of ineffectiveness, but conclude that there is nothing in the record to indi-

cate that defendant was deprived of a substantial defense. Therefore, we cannot conclude that defendant's attorney rendered ineffective assistance.

IV

Defendant next seeks resentencing on several grounds. We reject defendant's in pro per argument that a consideration of MRE 609 (the impeachment rule applied to prior convictions) justifies resentencing. The Michigan Rules of Evidence do not apply to sentencing proceedings. MRE 1101(b)(3).

However, we conclude that defendant is entitled to resentencing under our Supreme Court's recent opinion in *Moore, supra.* Defendant, age forty-seven, was given an indeterminate sentence of fifty to eighty years for second-degree murder. The statutory penalty for this offense is "life, or any term of years." MCL 750.317; MSA 28.549. The trial court articulated at sentencing that the sentence was designed to keep defendant in prison for life without parole. Since this is precisely what is prohibited under *Moore, supra,* we vacate defendant's sentence and remand for resentencing.

On remand, the trial court shall have two options. The first option is that the trial court may sentence defendant to life in prison, in which case the trial court need not take into account the defendant's life expectancy. As stated in *Moore, supra,* p 324, MCL 791.234(4)(b); MSA 28.2304(4)(b) gives the sentencing judge, or the judge's successor in office, a veto over parole for second-degree murder convictions where a life sentence is imposed.

There are actually two statutory methods for handling life sentences, depending on the type of offense in question: (1) certain offenses have a

mandatory life sentence without parole; (2) other offenses, including second-degree murder, offer the possibility of parole after ten years but "parole shall not be granted if the sentencing judge, or the judge's successor in office, files written objections to the granting of parole within 30 days of receipt of the notice of hearing." MCL 791.234(4)(b); MSA 28.2304(4)(b). Hence, the issue is not *whether* the sentencing judge or the judge's successor can veto parole but rather *when* the decision may be made. In the case of a life sentence, when parole is an option, the Legislature has decided that the decision of whether the option should be foreclosed by the sentencing judge or the judge's successor is best made later rather than at the time of sentencing:

> As recognized by the Legislature, it is appropriate at any time for the sentencing judge (or the judge's successor) to take the position that the court knows more about the person who has been sentenced to life imprisonment than does the Parole Board, and accordingly to exercise the power of veto over parole. It is an abuse of discretion, however, to enter an order on the day of sentencing that effectively forecloses all future exercise of such Legislatively provided discretion by either the Parole Board or the judge's successor. No one can see the future with such clarity. [*Moore, supra,* p 326.]

The second option available to the sentencing judge under the second-degree murder statute is to fashion an indeterminate "term of years" sentence that somehow takes defendant's life expectancy into account. This is so because the "term of years" option provided by the statute must be an indeterminate sentence less than life. *Id.,* p 329. Although a sentencing judge is not required to

make factual findings on a *particular* defendant's life expectancy, the sentence imposed "must be something that is reasonably possible for a defendant actually to serve." *Id.* In fashioning a sentence that meets this standard under the circumstances of this case, we call the trial court's attention to the fact that there are standard mortality tables of which the trial court can take judicial notice if it decides to impose a term of years rather than a life sentence.

In accordance with the foregoing, we affirm defendant's conviction but vacate his sentence and remand for resentencing. Jurisdiction is not retained.