PEOPLE v JOHNSON

Docket No. 117496. Submitted November 6, 1990, at Detroit. Decided
    March 5, 1991, at 9:15 A.M.

   William R. Johnson was convicted of second-degree murder,
      assault with intent to commit murder, and possession of a
      firearm during the commission of a felony following a jury trial
      in the Detroit Recorder's Court, John Patrick O'Brien, J., and
      was sentenced to imprisonment for life for the conviction of
      second-degree murder, fifty to seventy-five years for the convic-
      tion of assault, and two years for the conviction of felony-
      firearm. The Court of Appeals granted the defendant's applica-
      tion for delayed appeal.
      The Court of Appeals held:
      1. The defendant was not denied a fair trial on the basis of
      the prosecutor's statement during opening argument that the
      defendant was a drug dealer and that his motive for shooting
      the victims was to eliminate competitors. When a prosecutor
      states that certain evidence will be submitted to the jury and
      the evidence is not subsequently presented, reversal is not
      warranted if the prosecutor acted in good faith. In this case,
      while there was no direct evidence that the defendant was a
      drug dealer, the prosecutor nevertheless acted in good faith.
      2. The prosecutor's remarks during closing argument con-
      cerning the defendant's claim of self-defense did not deny the
      defendant a fair trial.
      3. In the absence of an objection by the defendant, because its
      prejudicial effect was not so great that it could not have been
      cured by an appropriate instruction, and because failure by the
      Court of Appeals to consider the issue would not result in a
      miscarriage of justice, appellate review is precluded with re-
      gard to the prosecutor's unsubstantiated remark during rebut-
      tal that the jury had seen an indication of the defendant's
      predisposition to violence from observing the defendant's be-
      havior during an incident in the courtroom.
      4. Appellate review of alleged erroneous jury instructions is

REFERENCES

Am Jur 2d, Homicide §§ 495, 499, 510.
See the Index to Annotations under Degree and Standard of Proof;
    Homicide; Verdict.

waived absent manifest injustice when there was no objection to the instructions given or no request for specific instructions. Here, review of the defendant's claim that the trial court erred in failing to instruct the jury that a reason for commission of a crime without more is insufficient as a matter of law to establish that a person is guilty of a crime is precluded because there was no objection or request below and manifest injustice will not result from failure to consider the issue.

5. The trial court did not err in instructing the jury that to convict of second-degree murder, unanimity was not necessary regarding with which type of malice the defendant had acted, as long as each juror found that defendant had acted with an intent to kill, an intent to inflict great bodily harm, or wanton and wilful disregard of the likelihood of death or great bodily harm and the rest of the elements of second-degree murder were proven beyond a reasonable doubt. The instruction did not violate the defendant's right to a unanimous verdict.

6. Remand is required for an articulation by the trial court of its reasons for imposing the sentence for the conviction of second-degree murder, which exceeded the sentence recommended under the sentencing guidelines.

7. The defendant's claim that the sentence for the assault conviction exceeds his life expectancy is without merit. It is reasonably possible for the defendant to serve the minimum term of his sentence. However, because the sentence exceeded the sentence recommended under the sentencing guidelines, and because the trial court failed to articulate its reasons for the sentence imposed, remand is required for resentencing in accordance with the principle of proportionality.

Affirmed and remanded.

HOMICIDE — SECOND-DEGREE MURDER — MALICE — JURY INSTRUCTIONS.

A trial court does not deny a defendant the right to a unanimous verdict by instructing a jury in a prosecution for second-degree murder that the jury need not unanimously decide whether the defendant acted with an intent to kill, an intent to inflict great bodily harm, or wanton and wilful disregard that the natural tendency of the defendant's behavior was to cause death or great bodily harm, as long as each juror finds that the defendant acted with one of the three states of mind and that the remaining elements of the offense were proven beyond a reasonable doubt (MCL 750.317; MSA 28.549).

*Frank J. Kelley*, Attorney General, *Gay Secor*

*Hardy,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

*Patricia S. Slomski,* for the defendant on appeal.

Before: REILLY, P.J., and WAHLS and DOCTOROFF, JJ.

PER CURIAM. Defendant was charged with one count of first-degree murder, MCL 750.316; MSA 28.548, two counts of assault with intent to commit murder, MCL 750.83; MSA 28.278, and one count of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was tried and convicted by a jury in Detroit Recorder's Court of the lesser included offense of second-degree murder, MCL 750.317; MSA 28.549, one count of assault with intent to commit murder, and felony-firearm. Defendant was sentenced to life imprisonment for the second-degree murder conviction, fifty to seventy-five years for the assault conviction, and a mandatory two years for the felony-firearm conviction. Defendant's application for a delayed appeal was granted by this Court on July 19, 1989. Defendant argues that prosecutorial misconduct and errors in the jury instructions denied him a fair trial. We disagree, and affirm defendant's convictions. Defendant also argues that he is entitled to resentencing. We agree, and remand for articulation and resentencing.

The prosecutor charged that, shortly before 2:00 P.M. on April 25, 1988, defendant shot and killed Marcelle Hickman and shot and wounded Michael Sanders and William Price. The prosecutor's the-

ory was that defendant was protecting his drug territory. Defendant's theory was self-defense.

Complainant Sanders testified that approximately a week before the shooting, he was threatened by defendant, who displayed an automatic pistol and said, "If you come over this way, you know what I got in store for you." On April 25, 1988, Sanders and Hickman delivered drugs to a house rented by Sanders at Lothrup and Wildemere. Both men were armed with 9-mm. rifles. After making the delivery, they walked back to Sanders' car, which was parked at Dexter and Northwestern. As they approached Sanders' car, a car turned the corner and came to a stop. Defendant, who was hanging out of the car window, fired an automatic rifle at Sanders and Hickman. Hickman was fatally shot. Sanders, who was shot in the leg and back, sought cover behind the steps of a house. Sanders tried to put a clip in his gun, but when he was unable to do so, he threw it into nearby bushes.

Complainant Price testified that on April 25, 1988, he was visiting his parents. He heard gunshots, looked out the door, and saw defendant in a car, firing a gun. After the car drove away, Price went outside and walked toward where the gunshots were fired. He saw Sanders and Hickman lying on the ground. He saw that Sanders was alive, grabbed Sanders' gun, and took the clip out. At the same time, he heard a noise. When Price looked up, he saw defendant pointing a gun at him. Price asked defendant not to shoot, and put his hands up. He heard a loud bang, felt his leg burn, and started running across the street. Price was hit by another shot and fell to the ground.

Charles Gary, Jr., a defense witness, testified that on April 25, 1988, he took defendant to the store to buy oil for defendant's car. Defendant

poured the oil in his car and complained about a noise in the car. They got in to drive around the block to see if they could determine the source of the noise. Two men suddenly appeared at the side of the car. One man had an Uzi. Defendant sped off and dropped Gary off two blocks away. Gary walked home and heard shots as he arrived at his house.

The jury found defendant guilty of second-degree murder in the death of Hickman, guilty of assault with intent to murder Price, not guilty of assault with intent to murder Sanders, and guilty of felony-firearm.

On appeal, defendant argues that prosecutorial misconduct denied him a fair trial.

Questions involving prosecutorial misconduct are decided case by case, and this Court must evaluate each question within the context of the particular facts of the case. *People v Burnett,* 166 Mich App 741, 754; 421 NW2d 278 (1988). The propriety of a prosecutor's remarks depends on all the facts of the case, and the remarks must be read as a whole. Also, the prosecutor's remarks must be evaluated in light of the relationship or lack of relationship they bear to the evidence admitted at trial. *People v Simon,* 174 Mich App 649, 655; 436 NW2d 695 (1989).

A prosecutor is free to relate the facts adduced at trial to the prosecution's theory of the case and to argue the evidence and all reasonable inferences arising from it to the jury. *People v Sharbnow,* 174 Mich App 94, 100; 435 NW2d 772 (1989), quoting *People v Jansson,* 116 Mich App 674, 693; 323 NW2d 508 (1982). The prosecutor need not state the inferences in the blandest possible terms. *People v Marji,* 180 Mich App 525, 538; 447 NW2d 835 (1989).

Defendant claims that the prosecutor's asser-

tions in the opening statement that defendant was a drug dealer and that defendant's motive for the shooting was to eliminate the competition were not supported by the evidence. Defendant moved for a mistrial, objecting to the comments on the ground that defendant had not been charged with any drug crimes. Defendant's motion was denied. A later objection by defendant was overruled. Opening argument is the appropriate time to state the facts to be proven at trial. *People v Robbins,* 132 Mich App 616, 620; 347 NW2d 765 (1984). When a prosecutor states that evidence will be submitted to the jury, which subsequently is not presented, reversal is not warranted if the prosecutor acted in good faith. *People v Solak,* 146 Mich App 659, 676; 382 NW2d 495 (1985); *People v Pennington,* 113 Mich App 688, 694; 318 NW2d 542 (1982).

There was no direct evidence that defendant was involved in the drug business. Nevertheless, in our review of the record, we find no evidence of bad faith on the part of the prosecutor and conclude that the prosecutor's opening remarks did not deny defendant a fair trial.

Defendant also claims that statements by the prosecutor during closing argument concerning defense counsel's efforts to provide the best possible defense were improper because they suggested that the defense of self-defense was disingenuous and contrived. We disagree. The remarks complained of were addressed to defendant's claim of self-defense. The prosecutor did not state that defense counsel was trying to mislead the jury. The prosecutor's remarks did not shift the focus from the evidence or deny defendant a fair trial.

Defendant next claims that statements by the prosecutor during rebuttal were improper because they suggested that defendant had a history of and

was predisposed toward violence. The prosecutor recited an Aesop fable, then stated:

> Now, like any story, this Aesop fable has a moral, and the moral of this story is that if you are wise, you will not be deceived by those who have been violent in the past.
>
> Ladies and gentlemen, you as jurors are wise in this case. You, individually and collectively, will not be deceived by this man and this claim of self-defense.
>
> This man, what do we know about this man? This man yesterday morning showed you his behavior, his attitude by his demonstration.

The record does not reflect the occurrence of any incident in the courtroom on the previous day and the prosecutor did not further explain the remark. Defense counsel did not object to the prosecutor's remark. Therefore, review is precluded unless the prejudicial effect was so great that it could not have been cured by an appropriate instruction and failure to consider the issue would result in a miscarriage of justice. *People v Foster,* 175 Mich App 311, 317; 437 NW2d 395 (1989). We find no prejudice that could not have been cured by a cautionary instruction. Failure to review this claim of error will not result in manifest injustice.

Defendant's next claim on appeal is that the trial court improperly instructed the jury. Defendant first contends that the trial court erred in failing to instruct the jury that "a reason for commission of a crime without more is insufficient as a matter of law to establish that a person is guilty of a crime." Essentially, defendant is arguing that the trial court erred in failing to recite the bracketed language of CJI 4:8:01.

Defense counsel did not object to the deletion of the bracketed language or request that the lan-

guage be given. Failure to object to jury instructions waives appellate review absent manifest injustice. *People v Curry,* 175 Mich App 33, 39; 437 NW2d 310 (1989). Manifest injustice occurs where the erroneous or omitted instructions pertain to a basic and controlling issue in the case. *People v Chatfield,* 170 Mich App 831, 835; 428 NW2d 788 (1988). Manifest injustice will not result here. The Use Note to CJI 4:8:01 recommends that the bracketed language be given where evidence of motive has been introduced. As argued by defendant, no evidence concerning the alleged motive was introduced.

Defendant also contends that the trial court erred in charging the jury that "motive alone, without evidence of premeditation and deliberation is sufficient to establish murder in the first degree." There was no objection to this instruction. After defendant's brief on appeal was filed, the transcript was amended to read, "motive alone without evidence of premeditation and deliberation is insufficient to establish murder in the first degree." Hence, defendant's argument is without merit.

Defendant next contends that the trial court erred in giving an instruction which permitted the jury to return a less than unanimous decision on a theory of guilt. The trial court instructed the jury as follows:

> Now, the law requires that each and every one of you find that each of the following elements are proven beyond a reasonable doubt before you may return a verdict of guilty of murder in the second degree. You will note, however, for the purpose of second degree murder that the law states that any one of the three states of mind held by the defendant at the time of the alleged act, that he may have acted with the intent to kill or do great

bodily harm with the intent to create a very high risk of death or great bodily harm with knowledge that death or great bodily harm will be the probable result.

As long as each of you believes that the defendant acted with one of those states of mind at the time of the alleged shooting, the killing, and as long as each of the elements of the crime of murder in the second degree are proven beyond a reasonable doubt, the People then have sustained their burden in this case. It is not necessary that all of you unanimously agree on which of these three alternative states of mind was held by the defendant. It is only necessary that all of you agree that he possessed one of those states of mind. For instance, if you believe that he acted with the intent to kill while others feel that he acted with the intent to do great bodily harm, although you may disagree which state of mind was held by the defendant, as long as you all agree beyond a reasonable doubt that he acted with one of these states of mind which I mentioned, then that element of the crime of murder in the second degree has been proven.

Defense counsel did not object to the instruction at trial. On appeal, defendant contends that the instruction allowed the jury to convict him of second-degree murder without a unanimous verdict. We disagree.

Case law provides that the mental state of malice necessary to support a conviction for second-degree murder is established by proof that the defendant acted with an intent to kill or an intent to inflict great bodily harm or wanton and wilful disregard of the likelihood that the natural tendency of his behavior would cause death or great bodily harm. *People v Hopson,* 178 Mich App 406, 410; 444 NW2d 167 (1989). The alternate theories of a defendant's state of mind relate to a single element of a single offense. When a statute lists

alternative means of committing an offense which in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternate theory. *State v Whitney,* 108 Wash 2d 506, 510-511; 739 P2d 1150 (1987).

The trial court instructed the jury that the verdict must be unanimous. The jury returned a unanimous verdict, finding defendant guilty of second-degree murder. We reject defendant's argument that his right to a unanimous verdict was violated.

Defendant's next claim on appeal is that the trial court failed to articulate reasons for the sentence imposed and for departure from the sentencing guidelines recommendation and that the sentence of fifty to seventy-five years for the conviction of assault with intent to murder exceeds his life expectancy and violates the principle of proportionality.

A sentencing court must articulate on the record its reasons for the sentence imposed. *People v Fleming,* 428 Mich 408, 428; 410 NW2d 266 (1987); *People v Coles,* 417 Mich 523, 549; 339 NW2d 440 (1983). Where a sentencing court departs from the guidelines range, it must articulate its reasons both on the record at sentencing and on the sentencing information report. *Fleming, supra.* In the instant case, the guidelines, which were prepared for conviction of second-degree murder, recommended a sentence of ten to twenty-five years. We have reviewed the sentencing transcript and agree with defendant that the trial court failed to articulate reasons for the sentence imposed or the departure from the guidelines. It is noted that defendant has not challenged the life sentence imposed for the conviction of second-degree murder on the ground that it is an abuse of discretion. We, there-

fore, remand for articulation of the reasons for the sentence imposed for the conviction of second-degree murder. *People v Triplett,* 432 Mich 568; 442 NW2d 622 (1989).

Defendant's argument that the fifty- to seventy-five-year sentence for the conviction of assault with intent to murder exceeds his life expectancy is without merit. Defendant was thirty-one years old at the time of sentencing. We conclude that it is reasonably possible for defendant to serve his minimum sentence. *People v Moore,* 432 Mich 311; 439 NW2d 684 (1989); *People v Rushlow,* 179 Mich App 172, 179-181; 445 NW2d 222 (1989).

Defendant's final argument is that the fifty- to seventy-five-year sentence for the conviction of assault with intent to murder is excessive because it exceeds the guidelines recommendation. We note that the guidelines were calculated for conviction of second-degree murder, not conviction of assault with intent to murder. Review of this case is controlled by the new proportionality standard announced in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). In *Milbourn,* the Michigan Supreme Court abandoned the shock-the-conscience test of *Coles, supra,* and held that a sentence must be proportionate to the seriousness of the circumstances surrounding the offense and to the offender. While not requiring adherence to the sentencing guidelines, the Court noted that the second edition of the guidelines provides "the best 'barometer' of where on the continuum from the least to the most threatening circumstances a given case falls." *Id.,* p 656. The highest term of years recommended under the second edition of the guidelines for assault with intent to murder is fifteen to twenty-five years. Defendant was sentenced to a term of fifty to seventy-five years. Because defendant's minimum sentence is twice

the highest minimum term of years possible and because the trial court did not articulate reasons for the sentence imposed, we vacate defendant's sentence for the conviction of assault with intent to murder and remand for resentencing in accordance with the principle of proportionality announced in *Milbourn.*

Affirmed, but remanded for articulation of reasons for the sentence imposed for the conviction of second-degree murder and for resentencing for the conviction of assault with intent to murder. We do not retain jurisdiction.