# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JIMMY JAMES WALKER,

      Defendant-Appellant.

UNPUBLISHED
January 15, 2015

No. 318192
Saginaw Circuit Court
LC No. 13-038652-FC

Before: SHAPIRO, P.J., and GLEICHER and RONAYNE KRAUSE, JJ.

PER CURIAM.

A jury convicted defendant of armed robbery. Defendant admitted that he attempted to steal property from a Walmart store, but denied that he was armed or implied that he was. Defendant now complains that the court's instructions allowed the jury to reach a verdict without unanimity on the theory underlying the armed robbery conviction. Because unanimity with regard to this "theory" was not required, we affirm.

## I. BACKGROUND

On April 2, 2013, defendant visited the electronics department of a Walmart store in Kochville Township. An employee noticed that defendant acted suspiciously, attempting to remove a display television and refusing offers of help before placing six DVD and Blu-ray players into a shopping cart. The employee noticed an object on defendant's right side. The object appeared to be a handgun with a shiny brown handle. The employee notified the store manager that defendant was approaching the front of the store and appeared to be in possession of a weapon.

The store manager positioned herself at the exit and awaited defendant's approach. Defendant admitted that he planned to leave the store and steal the DVD and Blu-ray players. The store manager intervened, however, and grabbed the front of the cart. She testified that defendant lost his balance and twice threatened, "I'll shoot you." The manager described that defendant repeatedly tried to reach his right pocket. Although the manager could not see the object in defendant's pocket during the incident, she noted during a courtroom replay of store surveillance footage that the item "looks like a gun," although she could not be certain. Defendant then removed the DVD and Blu-ray players from the cart and ran into the parking lot.

Another employee pursued defendant into the parking lot. Defendant fell, dropping some of the stolen items. The employee grabbed the items remaining in defendant's hands and collected those that fell. The testimony is silent, however, on how and when defendant was taken into custody and whether he had an object in his pocket at the time.

Defendant took the stand in his own defense. He admitted his intent to steal, but claimed that he did not possess a gun. Rather, he asserted that the witnesses observed a urine bag and catheter. Defendant described the catheter as brown and flat, explaining the employees' misperception. He further denied threatening to shoot anyone and indicated that he kept grabbing his right side during the escape because the urine bag was slipping. The defense presented a sample urine bag and catheter into evidence. The electronics department employee was recalled to the stand and testified that the object she observed in defendant's waistband was much larger than the catheter. The store manager noted that it did not appear that defendant was pulling something like a urine bag when he reached for his right side and clarified that defendant made this motion in conjunction with his threat to shoot.

## II. UNANIMITY REQUIREMENT

Defendant's only challenge on appeal is that the court's instructions allowed the jury to reach a less than unanimous verdict. Specifically, the armed robbery statutes list numerous methods by which the offense may be committed. In closing argument, the prosecutor did not stick to one theory, but cited four "theories" of the offense. The court gave a general unanimity instruction but did not inform the jury that it was required to reach a unanimous decision regarding which underlying theory gave rise to defendant's guilt. This, defendant posits, violated his right to due process of law.

Defendant failed to challenge the instructions as given and expressly indicated that he had nothing "to be placed on the record regarding the jury instructions." Defendant thereby waived his challenge of error. See *People v Chapo*, 283 Mich App 360, 373-373; 770 NW2d 68 (2009). Even if the challenge were preserved, however, we would discern no error.

MCL 750.529 proscribes armed robbery as conduct prohibited under MCL 750.530 during which the perpetrator "possesses a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon, or who represents orally or otherwise that he or she is in possession of a dangerous weapon." MCL 750.530(1) in turn provides:

> A person who, in the course of committing a larceny of any money or other property that may be the subject of larceny, *uses force or violence against any person who is present, or who assaults or puts the person in fear*, is guilty of a felony. . . . [Emphasis added.]

The prosecutor argued consistent with the statutory language in closing argument:

> That the defendant used force or violence against, or assaulted, or put in fear [the store manager]. And . . . the first thing we have to look at is does the statute use and, or does it use or? It doesn't read the defendant used force, and violence

against, and assaulted, and put in fear. It says used force or, or, or. Three ors. Meaning the prosecution has to prove one of those elements. . . .

What is the evidence in this case? The evidence shows that all four were proven. But we only have to prove one?

And the trial court instructed the jury consistent with the elements outlined in the statutes:

The defendant is charged with the crime of armed robbery. To prove this charge the prosecutor must prove each of the following elements beyond a reasonable doubt.

First, the defendant *used force or violence against, or assaulted, or put in fear* [the store manager].

Second, the defendant did so while he was in the course of committing a larceny. A larceny is the taking and movement of someone else's property or money with the intent to take it away from that person permanently. In the course of committing a larceny includes acts that occur in an attempt to commit the larceny, or during the commission of a larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the property or money.

Third, that [the store manager] was present while the defendant was in the course of committing the larceny.

Fourth, that while in the course of committing the larceny the defendant possessed a weapon designed to be dangerous and capable of causing death or serious injury, or represented orally or otherwise that he was in possession of a weapon. [Emphasis added.]

These instructions were not erroneous. And contrary to defendant's assertions, the court was not required to provide a specific unanimity instruction regarding the "theory" of the offense. The court provided a general unanimity instruction, informing the jury that they must "all agree that the defendant is guilty of [the principal] crime" in order to convict. Nothing more was required in this case.

Michigan law provides criminal defendants with the right to a unanimous jury verdict. MCR 6.410(B). "In order to protect a defendant's right to a unanimous verdict, it is the duty of the trial court to properly instruct the jury regarding the unanimity requirement." *People v Cooks*, 446 Mich 503, 511; 521 NW2d 275 (1994). In the normal course, this duty is fulfilled by providing a general unanimity instruction. *Id.* at 512. However, a specific unanimity instruction may be required in cases where "more than one act is presented as evidence of the actus reus of a single criminal offense" and each act is established through materially distinguishable evidence that would lead to juror confusion. *Id.* at 512-513.

Defendant contends that a more specific instruction was required in this case because four alternative theories— (1) the use of force against any person present; (2) the use of violence

against any person present; (3) the commission of an assault against that person; (4) placing that person in fear—represent "more than one act . . . presented as evidence of the actus reus of a single criminal offense." This comparison is not supported by Michigan law. This case does not involve multiple acts, any of which could support the single conviction. Rather, this case is akin to *People v Johnson*, 187 Mich App 621, 629-630; 468 NW2d 307, 311 (1991), in which this Court held: "When a statute lists alternative means of committing an offense which in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternate theory."

A brief explanation of the cases reveals the difference: In *Cooks*, 446 Mich at 506, the defendant was charged with a single count of first-degree criminal sexual conduct based on a single act of sexual penetration. At trial, the complainant described three separate acts of penetration on three separate occasions. *Id.* at 506-507. These were completely separate acts, any of which could form the actus reus of the single charged offense. Even so, the Supreme Court held that a specific unanimity instruction was not required in *Cooks* because the evidence supporting each incident was "materially identical" and there was no chance of "juror confusion" requiring a more specific instruction. *Id.* at 512-513.

In *Johnson*, 187 Mich App at 623, by comparison, the defendant was charged with a single count of first-degree murder and was convicted of the lesser included offense of second-degree murder. To convict a defendant of second-degree murder, the prosecutor must prove the defendant acted with one of several states of mind: "an intent to kill *or* an intent to inflict great bodily harm *or* wanton and wilful disregard of the likelihood that the natural tendency of his behavior would cause death or great bodily harm." *Id.* at 629 (emphasis added). These states of mind did not amount to distinguishable acts such that the jury had to agree upon one to support the conviction. Rather, they were simply "alternative means," standing by themselves benign, which could be employed to commit the ultimate criminal offense. *Id.* at 629-630.

Here, defendant committed a single act of armed robbery at a single time and location. The use of force or violence, assault, and placing someone in fear were simply "alternative means" to satisfy a single element of the armed robbery offense. See *People v Chelmicki*, 305 Mich App 58, 68-69; 850 NW2d 612 (2014) ("The alternative theories each relate to a single element of the offense, and are merely different ways of establishing that element."). The four different theories in and of themselves do not constitute separate and distinct offenses which require a unanimity instruction. *Johnson*, 187 Mich App at 630. Accordingly, we discern no error in the trial court's decision not to give a more specific unanimity jury instruction.

We affirm.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause