# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROYALE GOLD RUNYON,

Defendant-Appellant.

UNPUBLISHED
April 23, 2015

No. 318966
Kent Circuit Court
LC No. 13-000681-FC

Before: METER, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Defendant Royale Gold Runyon was convicted by a jury of assault with intent to rob while armed, MCL 750.89; possession of a firearm during the commission of a felony (felony firearm), MCL 750.227b; and assault with intent to commit murder, MCL 750.83. Defendant was sentenced to 15 to 50 years' imprisonment on the assault with intent to rob while armed conviction, two years' imprisonment on the felony-firearm conviction, and 18 to 60 years' imprisonment on the assault with intent to commit murder conviction. He appeals as of right. We affirm.

Defendant first argues that he is entitled to a new trial based on testimony regarding his involvement in his brother's murder, despite the parties' agreement before trial to avoid mention of other crimes. Defendant preserved this issue by moving for a mistrial in the trial court. *People v Alter*, 255 Mich App 194, 205; 659 NW2d 667 (2003). We review a trial court's denial of a motion for a mistrial for an abuse of discretion. *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). An abuse of discretion is found when the trial court's decision is outside the range of reasonable and principled outcomes. *Id.*

A trial court is only permitted to grant a mistrial "for an irregularity that is prejudicial to the rights of the defendant . . . and impairs his ability to get a fair trial." *People v Haywood*, 209 Mich App 217, 228; 530 NW2d 497 (1995). Unless the prosecutor knew a witness would give unresponsive testimony or encouraged the witness to do so, *People v Hackney*, 183 Mich App 516, 531; 455 NW2d 358 (1990), "an unresponsive, volunteered answer to a proper question is not grounds for the granting of a mistrial," *Haywood*, 209 Mich App at 228. Here, the prosecutor asked why the witness refused to leave her jail cell to testify on the previous day, knowing that throughout the proceeding, the witness did not want to be a "snitch" and was fearful of receiving threats. The witness, however, testified in part that she did not believe

-1-

defendant killed his brother. Because the witness's answer to the prosecutor's question was unresponsive to the prosecutor's proper question, her testimony was not grounds for a mistrial. *Id.* Furthermore, the witness's testimony was not "so egregious" that there was no other way for its prejudicial effect to be removed. *People v Gonzales*, 193 Mich App 263, 266; 483 NW2d 458 (1992). The unresponsive statement was "fleeting" and "not emphasized to the jury;" therefore, it did not prejudice defendant to the extent that he is entitled to a new trial. See *People v Lumsden*, 168 Mich App 286, 299; 423 NW2d 645 (1988).

Moreover, defendant argues that a detective alluded in his testimony to the fact that there were additional investigations involving defendant by indicating that he did not write a report "on the robbery portion." It is unlikely that this "isolated" and "ambiguous" comment prejudiced defendant. *People v Allen*, 429 Mich 558, 656; 420 NW2d 499 (1988). Therefore, we conclude that the trial court did not abuse its discretion in denying defendant's motion for a mistrial, and he is not entitled to a new trial on appeal.[1]

Next, defendant argues that he is entitled to a new trial because testimony was elicited that there was no "credible evidence" or "reliable information" placing defendant anywhere other than the scene of the crime. We generally review evidentiary decisions for an abuse of discretion, *People v Layher*, 464 Mich 756, 761; 631 NW2d 281 (2001), but because this issue was not preserved, our review is limited to plain error affecting substantial rights, *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

Defendant first contends that the challenged testimony was impermissible opinion testimony that was introduced solely as evidence of defendant's guilt. Opinion testimony by a lay witness is permitted if the testimony is "rationally based on the perception of the witness" and "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." MRE 701. A witness is not permitted to state his or her opinion on the defendant's guilt of the charged offense. *People v Fomby*, 300 Mich App 46, 53; 831 NW2d 887 (2013). Here, the witness did not state his opinion of defendant's guilt. Rather, he testified about a lengthy investigation concerning defendant's whereabouts during the days surrounding the charged crimes and concluded only that there was no reliable information placing defendant anywhere other than the scene of the crime. This testimony was rationally based on his investigations and helpful for the jury's determination of whether defendant was the individual who committed the charged crimes, an issue challenged by defendant throughout trial despite the victim's positive identification of defendant as the perpetrator. Thus, this testimony was not plain error. *Carines*, 460 Mich at 763.

---

[1] Defendant also argues that the prosecutor committed misconduct by eliciting this testimony. Defendant fails to cite supporting authority for his argument and fails to provide any support for his claim that the prosecutor failed to instruct the witness according to the parties' agreement. Therefore, this claim is abandoned. *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Regardless, we have reviewed this argument and find it to be without merit.

Defendant also argues that the evidence was irrelevant and unfairly prejudicial. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Relevant evidence may be excluded, however, if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. MRE 403. We find the evidence relevant and not unfairly prejudicial as it was relevant to defendant's identity as the perpetrator of the charged crimes and did not inject considerations extraneous to the merits of the case. *People v Pickens*, 446 Mich 298, 337; 521 NW2d 797 (1994).[2]

Next, defendant challenges the sufficiency of the evidence presented to support his assault with intent to commit murder conviction. We review challenges to the sufficiency of the evidence de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). In reviewing sufficiency of the evidence, we view the evidence in a light most favorable to the prosecution to determine whether the evidence was sufficient to justify the jury's finding that the essential elements of the crime were proven beyond a reasonable doubt. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). All conflicts in the evidence must be resolved in favor of the prosecution. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Circumstantial evidence and all reasonable inferences drawn therefrom constitute satisfactory proof of the crime. *Carines*, 460 Mich at 757.

The elements of assault with intent to commit murder are "(1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v Henderson*, 306 Mich App 1, 9; 854 NW2d 234 (2014). "Intent to kill may be inferred from all the facts in evidence, including the use of a deadly weapon." *Id.* at 11.

Sufficient evidence was presented to allow a rational jury to find defendant guilty beyond a reasonable doubt of assault with intent to commit murder. The evidence established that defendant threatened the victim with a gun in an attempt to steal from him. When the victim ran away from defendant and his partner, they chased him. The victim ran onto the front porch of a house that had its lights on and looked occupied. The evidence established that defendant then fired a gunshot at the victim and missed. Testimony indicated that it was "startling" how close the bullet hole from the gunshot was to the victim's head. Moreover, defendant admitted to a friend that he shot a man on someone's front porch. Viewing this evidence in a light most favorable to the prosecution, *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006), the

---

[2] Defendant's argument also includes claims regarding hearsay and other-acts evidence that are not supported by any authority or substantive argument in his brief. These issues are, therefore, abandoned. *Kelly*, 231 Mich App at 640-641. Moreover, defendant appears to claim prosecutorial error and a Fifth Amendment violation. These arguments were not properly presented for appeal because defendant failed to include them in his statement of questions presented. *People v Anderson*, 284 Mich App 11, 16; 772 NW2d 792 (2009). Nevertheless, we have reviewed each of these claims and find them to be without merit.

evidence was sufficient to support defendant's conviction of assault with intent to commit murder.

Next, defendant argues that the prosecutor committed misconduct by making improper civic duty arguments during opening statement and closing argument. We generally review challenges of prosecutorial misconduct de novo. *People v Akins*, 259 Mich App 545, 562; 675 NW2d 863 (2003). We decide issues on a case-by-case basis by reviewing the pertinent part of the record and evaluating the prosecutor's conduct in context. *Id.* However, because defendant failed to preserve this issue, we review the prosecutor's conduct for plain error. *Carines*, 460 Mich at 763.

Although prosecutors are given "great latitude regarding their arguments and conduct," a prosecutor may not make a civic duty argument that appeals to the fears and prejudices of the jury. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995) (citation and quotation omitted). By doing so, the prosecutor improperly injects issues broader than the guilt or innocence of the defendant. *People v Abraham*, 256 Mich App 265, 273; 662 NW2d 836 (2003).

None of the challenged remarks constituted an improper civic duty argument. Viewed in context, the challenged remarks in the prosecutor's closing argument did not rise to the level that they improperly appealed to the fears and prejudices of the jury. *Bahoda*, 448 Mich at 282. Rather, they were based on common sense. Additionally, in the prosecutor's opening statement, the challenged remarks properly stated the facts that the prosecutor expected to prove at trial. *People v Johnson*, 187 Mich App 621, 626; 468 NW2d 307 (1991). The challenged remarks in the opening statement showed the prosecutor's intent to show that the shooting was random, that defendant and the victim were strangers, that defendant used an illegally obtained firearm, and how the police obtained the gun associated with the charged crimes. Although the prosecutor described the shooting as "senseless" and the victim as "prey," prosecutors are not required to argue in the "blandest" of terms. *People v Ullah*, 216 Mich App 669, 678; 550 NW2d 568 (1996). Additionally, any minimal prejudice was cured by the trial court's instruction that the lawyers' statements and arguments were not evidence. *People v Thomas*, 260 Mich App 450, 456; 678 NW2d 631 (2004). Therefore, the prosecutor did not commit misconduct by making the challenged remarks.

Finally, defendant argues that his counsel was ineffective for failing to object to the challenged testimony and conduct challenged on appeal. Our review is limited to mistakes apparent on the lower court record. *People v Fike*, 228 Mich App 178, 181; 577 NW2d 903 (1998). Counsel is ineffective if the defendant establishes that counsel's performance fell below an objective standard of reasonableness and, but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

With respect to defendant's ineffective assistance of counsel claim regarding defense counsel's failure to contemporaneously object to testimony of defendant's involvement in his brother's murder, we find that it was sound trial strategy for counsel not to contemporaneously object and draw attention to the testimony. *Bahoda*, 448 Mich at 287 n 54. Rather, defense counsel moved for a mistrial on the basis of this evidence outside the presence of the jury. Therefore, counsel's performance did not fall below an objective standard of reasonableness.

*Carbin*, 463 Mich at 600. Moreover, we find no error in the other challenged testimony or conduct; therefore, any objection would have been futile. Counsel cannot be faulted for failing to raise a futile objection. *Thomas*, 260 Mich App at 457. Accordingly, counsel was not ineffective.

Affirmed.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Mark T. Boonstra